******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MACDERMID, INC. *v.* STEPHEN J. LEONETTI
(AC 36750)

Gruendel, Alvord and West, Js.

*Argued March 11—officially released June 30, 2015*

(Appeal from Superior Court, judicial district of
Waterbury, Shapiro, J.)

*Kathleen Eldergill*, for the appellant (defendant).

*John R. Horvack, Jr.*, with whom, on the brief, was
*John L. Cordani, Jr.*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. This case raises the question of whether a claim of civil retaliation, under General Statutes § 31-290a, alleging discrimination by an employer against an employee for filing a claim under the Workers' Compensation Act (act), General Statutes § 31-275 et seq., can be filed as a counterclaim in the same action in which the alleged litigation misconduct arose. The defendant, Stephen J. Leonetti, appeals from the summary judgment rendered by the trial court in favor of the plaintiff, MacDermid, Inc., with regard to the defendant's counterclaim.[1] Specifically, the defendant argues that the court improperly concluded that his counterclaim was premature because it alleged litigation misconduct by the plaintiff in the same underlying action. The court concluded that the plaintiff's case must be resolved before the defendant can raise a claim of litigation misconduct against the plaintiff. On this issue of first impression, we conclude that a claim under § 31-290a, when premised solely on litigation misconduct, rather than on conduct outside of the judicial process, may not be brought prior to termination of the underlying litigation. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff employed the defendant for approximately twenty-eight years. The defendant's employment was terminated in November, 2009. On February 2, 2010, the plaintiff and the defendant entered into a termination agreement which stated, in part, that the plaintiff would pay the defendant $70,228.51, and the defendant would release all legal claims that he had or might acquire against the plaintiff. At the time the agreement was signed, the Workers' Compensation Commissioner (commissioner) had not approved the agreement as a "voluntary agreement" or stipulation as required by General Statutes § 31-296.[2]

After a formal hearing, "[t]he commissioner . . . found that, without approval by a commissioner, the agreement did not effectively waive the parties' rights and obligations under the act . . . [and] that the agreement should not be approved as a full and final stipulation of the [defendant's] workers' compensation claim. . . . The plaintiff appealed from the commissioner's decision to the Workers' Compensation Review Board (board), which affirmed the commissioner's decision. . . . Thereafter, the plaintiff appealed from the decision of the board to the Appellate Court and filed the present action in Superior Court alleging civil theft, fraud, unjust enrichment, and conversion, premised on the defendant's admission that he never intended to release his workers' compensation claim. . . . [T]he plaintiff seeks, inter alia, rescission of the agreement, return of the $70,228.51 it paid the defendant under the

agreement, and damages. In response, the defendant filed a counterclaim alleging that the plaintiff violated § 31-290a by initiating the present action solely in retaliation for the defendant's exercise of his rights under the act. In his counterclaim, the defendant seeks compensatory damages, punitive damages, costs, and attorney's fees. Thereafter, the plaintiff moved to dismiss the defendant's counterclaim, arguing that the court lacked subject matter jurisdiction over that claim because the act of filing an action is protected by the doctrine of absolute immunity." (Citations omitted; footnote omitted; internal quotation marks omitted.) *MacDermid, Inc.* v. *Leonetti*, 310 Conn. 616, 621–22, 79 A.3d 60 (2013). The trial court denied that motion, concluding that the defendant's counterclaim was not barred by the doctrine of absolute immunity. On appeal, our Supreme Court affirmed the decision of the trial court. Id., 640.

The plaintiff next moved for summary judgment on the defendant's counterclaim of retaliatory litigation. The court granted the motion, concluding that the counterclaim was premature and could not be brought until the plaintiff's action concluded. In its memorandum of decision, the court stated that it found persuasive *Wes-Garde Components Group, Inc.* v. *Carling Technologies, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-09-5028121-S (March 10, 2010) (49 Conn. L. Rptr. 671), in which the court concluded that "no claims based on alleged litigation misconduct in the bringing or prosecution of such underlying claims [may] be brought against them until the underlying claims are finally resolved." (Internal quotation marks omitted.) The defendant now appeals from the summary judgment rendered in favor of the plaintiff on his counterclaim.

The defendant claims that the court erred in granting the plaintiff's motion for summary judgment on his counterclaim. The counterclaim alleged retaliation by the plaintiff, in violation of § 31-290a,[3] for instituting and prosecuting its action against the defendant. The plaintiff argued that a counterclaim alleging litigation misconduct cannot be brought until the underlying litigation has concluded. The court agreed and, in granting the motion for summary judgment, determined that the defendant's counterclaim was premature and, therefore, must be postponed until after the plaintiff's claims are resolved. We agree.

"The standards governing [an appellate tribunal's] review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17–49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a

motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . [T]he scope of our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Iacurci* v. *Sax*, 313 Conn. 786, 799, 99 A.3d 1145 (2014). "[T]he use of a motion for summary judgment to challenge the legal sufficiency of a complaint is appropriate when the complaint fails to set forth a cause of action and the defendant can establish that the defect could not be cured by repleading." *Larobina* v. *McDonald*, 274 Conn. 394, 401, 876 A.2d 522 (2005).

Section 31-290a provides in relevant part: "(a) No employer who is subject to the provisions of this chapter shall . . . discriminate against any employee because the employee has filed a claim for workers' compensation benefits . . . . (b) Any employee who is so . . . discriminated against may . . . (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office . . . ." Our Supreme Court has compared § 31-290a with the torts of vexatious litigation and abuse of process. "The torts of vexatious litigation and abuse of process both prohibit conduct that subverts the underlying purpose of the judicial process. Specifically, these causes of action prevent, or hold an individual liable for, the improper use of the judicial process for an illegitimate purpose, namely, to inflict injury upon another individual in the form of unfounded actions. . . . Section 31–290a mirrors the purpose of these torts by preventing, or holding employers liable for, discrimination against an employee who exercises his rights under the act. . . . In the context of employer initiated litigation . . . § 31–290a is designed to prevent, or hold the employer liable for, the improper use of the judicial process for the illegitimate purpose of retaliating against an employee for his exercise of his rights under the act." (Citation omitted.) *MacDermid, Inc.* v. *Leonetti*, supra, 310 Conn. 616. Although § 31-290a actions may be brought for a variety of actions that do not allege improper use of the judicial system,[4] in the present case, the defendant's counterclaim is, at its essence, a claim of vexatious litigation or abuse of process. Essentially, the defendant claims that the plaintiff, in prosecuting the present action, improperly used the judicial system to discriminate and harass the defendant because he availed himself of the benefits of the act. As a matter of first impression, we look to our case law on vexatious litigation and abuse of process for guidance on the issue of whether such a claim may be brought as a counterclaim in the same action in which the alleged retaliation occurred.

"The cause of action for vexatious litigation permits a party who has been wrongfully sued to recover damages." *Bernhard-Thomas Building Systems, LLC* v. *Dunican*, 286 Conn. 548, 553, 944 A.2d 329 (2008). "In

Connecticut, the cause of action for vexatious litigation exists both at common law and pursuant to statute. . . . [T]o establish a claim for vexatious litigation at common law, one must prove want of probable cause, malice and a termination of suit in the plaintiff's favor. . . . The statutory cause of action for vexatious litigation exists under [General Statutes] § 52–568, and differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages. . . . In the context of a claim for vexatious litigation, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations omitted; footnote omitted; internal quotation marks omitted.) Id., 554.

Vexatious litigation claims may not be brought until the underlying action that is the source of the alleged misconduct has concluded. "[U]nder Connecticut law, a counterclaim alleging vexatious litigation may not be brought in the same action as that which the defendant claims is vexatious." *Somers* v. *Chan*, 110 Conn. App. 511, 542, 955 A.2d 667 (2008) (court concluded that counterclaim for vexatious litigation was premature). "In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that *prior litigation terminated in his favor*. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts." (Emphasis added.) *Blake* v. *Levy*, 191 Conn. 257, 263, 464 A.2d 52 (1983). This favorable termination requirement is an essential element of a vexatious litigation claim.

Similarly, the tort of abuse of process also provides a cause of action against the improper use of the judicial system. "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another *primarily* to accomplish a purpose for which it is not designed . . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Mozzochi* v. *Beck*, 204 Conn. 490, 494, 529 A.2d 171 (1987).

Although abuse of process claims do not include favorable termination as an essential element, the cause of action is still considered premature until the underlying litigation has been completed. *Larobina* v. *McDonald*, supra, 274 Conn. 407–408. In *Larobina*, our Supreme Court concluded that an abuse of process claim was properly dismissed as premature when the underlying action was still pending. Id., 408. In reaching

this conclusion, the court stated: "Although we do not suggest that success in the first action would be a prerequisite for an abuse of process claim . . . it is apparent that the eventual outcome of that action and the evidence presented by the parties therein would be relevant in litigating an abuse of process claim. . . . Moreover, allowing the [abuse of process] claim could . . . effectively chill the vigorous representation of clients by their attorneys." Id., 407–408.

Although we recognize that § 31-290a claims may be based on conduct that does not implicate the improper use of the judicial system, the defendant in the present case alleges only the plaintiff's act in initiating and prosecuting the present dispute as the basis for his counterclaim of discrimination. As alleged, this claim is indistinguishable from that of a claim of vexatious litigation or abuse of process. Accordingly, we conclude that this claim was premature and may not be brought until the completion of the underlying action that is the source of the alleged misconduct.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant also appealed from the denial of his motion for summary judgment on the complaint and his motion to reargue. During the pendency of this appeal, the plaintiff filed a motion to dismiss the appeal on the basis that this court lacked subject matter jurisdiction. Specifically, the plaintiff argued that a denial of a motion for summary judgment was not a final judgment for purposes of an appeal. On November 5, 2014, this court granted the motion to dismiss and dismissed the appeal "except for those issues . . . related to the trial court's granting of summary judgment on the defendant's amended counterclaim."

[2] General Statutes § 31-296 (a) provides in relevant part: "If an employer and an injured employee . . . at a date not earlier than the expiration of the waiting period, reach an agreement in regard to compensation, such agreement shall be submitted in writing to the commissioner by the employer with a statement of the time, place and nature of the injury upon which it is based; and, if such commissioner finds such agreement to conform to the provisions of this chapter in every regard, the commissioner shall so approve it. . . ."

[3] General Statutes 31-290a provides in relevant part: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter. (b) Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge. The court may also award punitive damages. Any employee who prevails in such a civil action shall be awarded reasonable attorney's fees and costs to be taxed by the court; or (2) file a complaint with the chairman of the Workers' Compensation Commission alleging violation of the provisions of subsection (a) of this section. . . ."

[4] For instance, we recognize that § 31-290a claims could include the discriminatory treatment of an employee at his place of work or the termination of that employee. The application of the statute under those circumstances would not constitute a claim of vexatious litigation or abuse of process.